IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE ARKANSAS

BOBBY BROWN                                                                                              PLAINTIFF

v.                                            CIVIL NO. 11-5016

MICHAEL J. ASTRUE, Commissioner
Social Security Administration                                                                DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Bobby Brown, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

I.      **Procedural Background:**

Plaintiff protectively filed his current applications for DIB and SSI on July 12, 2007, alleging an inability to work since October 10, 2006,[1] due to diabetes mellitus, chronic left shoulder pain, and severe sleep apnea with excessive daytime sleepiness. (Tr. 107, 112). An

---

[1] At the administrative hearing before the ALJ on March 17, 2009, Plaintiff through his counsel, moved to amend the onset date to July 1, 2007. (Tr. 42-43).

AO72A
(Rev. 8/82)

administrative hearing was held on March 17, 2009, at which Plaintiff appeared with counsel and testified. (Tr. 18-47).

By written decision dated June 19, 2009, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 57). Specifically, the ALJ found Plaintiff had the following severe impairments: diabetes, a rotator cuff tear, and sleep apnea. However, after reviewing all of the evidence presented, she determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 59). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b). He can occasionally push/pull with the bilateral upper extremities and can perform occasional overhead reaching. He cannot be exposed to heights.

(Tr. 59). With the help of a vocational expert, the ALJ determined Plaintiff could perform his past relevant work as a security guard and an electric assembler. (Tr. 62).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which after reviewing additional evidence denied that request on November 24, 2010. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 3). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 6,7).

**II.     Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind

AO72A
(Rev. 8/82)

would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal

AO72A
(Rev. 8/82)

an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

### III.  Discussion:

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). A disability claimant has the burden of establishing his or her RFC. See Masterson v. Barnhart, 363 F.3d 731, 737 (8th Cir.2004). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004); Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace." Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).

In the present case, the ALJ found that Plaintiff maintained the RFC to perform light work that required only occasional pushing/pulling with the bilateral upper extremities, and

occasional overhead reaching. In making this RFC determination, the ALJ pointed to Dr. Dahlmann's general examination notes wherein, Dr. Dahlmann opined that Plaintiff had no limitations in his ability to walk, stand, sit, lift, carry, handle, finger, see, hear or speak. (Tr. 215). The ALJ did not, however, address Dr. Dahlmann's examination notes that indicated Plaintiff lacked external rotation in both shoulders. (Tr. 61-62, 213). The record also shows that a non-examining medical consultant opined that Plaintiff was limited in his ability to reach in all directions, and specifically limited in his ability to overhead reach. (Tr. 233). It is also noteworthy that the two jobs that the ALJ found Plaintiff could perform require frequent reaching. See DICOT §§ 726.684-018; 372.667-034 at www.westlaw.com.

The Court is also troubled by the ALJ's failure to address Plaintiff's alleged neuropathy of the feet. Plaintiff testified at the administrative hearing that there were times he experienced numbness in his feet. (Tr. 29). The medical evidence revealed that in August of 2008, Plaintiff stepped on a nail but did not realize that he was hurt until later in the day; and that on June 26, 2009, Plaintiff was noted to have decreased sensation in his feet, bilaterally.[2] (Tr. 393, 435). After reviewing the entire evidence of record, the undersigned does not find substantial evidence to support the ALJ's RFC determination and believes remand is necessary so that the ALJ can more fully and fairly develop the record.

On remand, the ALJ is directed to address interrogatories to the physicians who have evaluated and/or treated Plaintiff asking the physicians to review Plaintiff's medical records; to complete a RFC assessment regarding Plaintiff's capabilities during the time period in question,

---

[2] We note we consider this evidence, as it was submitted to the Appeals Council and the Appeals Council considered it before denying review. (Tr. 4). See Riley v. Shalala, 18 F.3d 619, 622 (8th Cir. 1994).

AO72A
(Rev. 8/82)

and to give the objective basis for their opinions so that an informed decision can be made regarding Plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. The ALJ may also order a consultative examination, in which, the consultative examiner should be asked to review the medical evidence of record, perform examinations and appropriate testing needed to properly diagnosis Plaintiff's condition(s), and complete a medical assessment of Plaintiff's abilities to perform work related activities. See 20 C.F.R. §§ 404.1517, 416.917.

With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

**IV.    Conclusion:**

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 23rd day of February 2012.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)